IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM MATEER WOLFFE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 22-374-GBW |
| | : |
| DAYS INNS WORLDWIDE, INC., et al., | : |
| | : |
| Defendants. | : |

William Mateer Wolffe, Haverford, Pennsylvania, Pro Se Plaintiff.

Brian Michael Gottesman, Esquire, Gabell Beaver LLC, Wilmington, Delaware. Counsel for Defendants Days Inn Worldwide, Inc., Wyndham Worldwide, Inc., Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, Wyndham Hotels and Resorts, Inc., and Wyndham Hotel Management, Inc.

Brian Michael Gottesman, Esquire, Gabell Beaver LLC, Wilmington, Delaware, and Jason D. Kraus, Esquire, the Kraus Law Firm, Houston Texas. Counsel for Defendants Walter J. Galdenzi, 9 Marina LLC, Suzanne Mark, and Southern Cross Investments, Inc.

Raymond W. Cobb, O'Hagan Meyer LLP, Wilmington, Delaware. Counsel for Defendants Beaufort County Sheriff's Office, Lyle E. Harris, Jeremy Hewitt, and P.J. Tanner.

**MEMORANDUM OPINION**

April 14, 2023
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

In March 2022, Plaintiff William Mateer Wolffe, proceeding *pro se*, commenced this action. Before the Court is a motion to strike and dismiss filed by Defendants Days Inn Worldwide, Inc., Wyndham Worldwide, Inc., Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, Wyndham Hotels and Resorts, Inc., and Wyndham Hotel Management, Inc. (the "Hotel Defendants") (D.I. 17); a motion to dismiss for lack of personal jurisdiction, filed by Defendants Beaufort County Sheriff's Office, Lyle E. Harris, Jeremy Hewitt, and P.J. Tanner (the "Beaufort County Defendants") (D.I. 21); a motion to dismiss for lack of personal jurisdiction filed by Walter J. Galdenzi, 9 Marina, LLC, Southern Cross Investments, Inc. and Suzanne Mark (the "Galdenzi Defendants") (D.I. 46); a motion for removal of attorneys of record for fraud on the Court, filed by Plaintiff (D.I. 51); and a motion to compel an investigation for fraud on the Court, filed by Plaintiff (D.I. 53). The matters are fully briefed.

## II. BACKGROUND

The Complaint is over 600 pages long, contains over 1,600 numbered paragraphs, and includes 67 pages of exhibits. He alleges that in April 2020 during the start of the COVID-19 pandemic, he was 88 years old and living in a Days Inn hotel located in Hilton Head, South Carolina. The hotel shut down in response the

1

pandemic, and Plaintiff was forcefully evicted, despite having nowhere to go and, as a result of his age, being at high risk serious for serious complications or death from COVID-19. (D.I. 1). Notably, he asserts that "[t]his Court has personal jurisdiction because the events giving rise to the matter in controversy occurred within the State of South Carolina and they occurred in Beaufort County South Carolina." (*Id.* at ¶ 194). He also expounds upon the connections of the Galdenzi Defendants and Beuafort County Defendants to the state of South Carolina for personal jurisdiction purposes. (*Id.* at ¶¶ 195, 197-99, 201-09).

In their motion to strike and dismiss, the Hotel Defendants argue the expansive complaint fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires "a short plain statement of the claim showing that the pleaders is entitled to relief." (D.I. 18 at 5-7). The motions to dismiss filed by the Beaufort County Defendants and Galdenzi Defendants argue both that this Court lacks personal jurisdiction over them, and that venue is improper in the District of Delaware. (D.I. 22 at 2-6; D.I. 47 at 5-10).

In February 2022, a month before filing this action, Plaintiff filed an essentially identical complaint in the District of South Carolina. *See Wolffe v. Galdenzi, et al.*, No. 9:22-cv-00548 (D.S.C.). In March 2022, days before initiating this action, he also filed an essentially identical complaint in the Eastern District of Pennsylvania. *See Wolffe v. Galdenzi, et al.*, No. 2:22-cv-994 (E.D.

2

Pa.).[1] In September 2022, Plaintiff voluntarily dismissed the South Carolina action, with prejudice, indicating that he would instead proceed with his cases in Pennsylvania and Delaware. *See Wolffe*, No. 9:22-cv-00548, D.I. 75.

In the Pennsylvania case, the Hotel Defendants filed a motion to strike and dismiss that was essentially identical to the motion they filed in this proceeding. Also in the Pennsylvania case, the Beaufort County Defendants and Galdenzi Defendants filed motions to dismiss for lack of personal jurisdiction that were essentially identical to the motions they filed in this proceeding, except they of course argued that Pennsylvania, rather than Delaware, did not have personal jurisdiction over them, and that the Eastern District of Pennsylvania was not the proper venue.

In October 2021, in the Pennsylvania case, the court granted the Beaufort County Defendants' motion to dismiss, noting that all of his arguments for personal jurisdiction appeared to be repeated from his complaint in the South Carolina case and accordingly directed at South Carolina, and that "[a]bsent from Mr. Wolffe's complaint are allegations that the Beaufort County defendants have *any* contacts with Pennsylvania, or that any of the acts or omissions giving rise to this action occurred in Pennsylvania. *See Wolffe v. Galdenzi*, 2022 WL 14813700,

---

[1] Plaintiff additionally filed an essentially identical complaint in Pennsylvania state court, which was removed to federal court and then consolidated with his federal case. *See Wolffe v. Galdenzi, et al.*, No. 2:22-cv-2882 (E.D. Pa.).

3

at *3 (E.D. Pa. Oct. 25, 2022) (emphasis original). The Court also concluded that venue was not proper as to the Beaufort County Defendants. *Id.* at *3-4. In November 2022, also in the Pennsylvania case, the court granted the Hotel Defendants motion to strike and dismiss, holding that "Mr. Wolffe's complaint is rife with redundant and verbose recitations of facts and rambling and unclear allegations, making it difficult to parse out which claims he is asserting against which defendants," and that "Wolffe's complaint fails to meet the Rule 8(a)(2) standard requiring a "short and plain statement of the claims." *Wolffe v. Galdenzi*, 2022 WL 16722318, at *2 (E.D. Pa. Nov. 4, 2022). The Galdenzi filed their motion to dismiss in the Pennsylvania case in January 2023, but three days later, before the court ruled on the motion, Plaintiff voluntarily dismissed the case, indicating that he would proceed with his claims in this Court. *Wolffe v. Galdenzi, et al.*, No. 2:22-cv-994, D.I. 61.

## III.  LEGAL STANDARDS

### A.  Rule 8(a)

The Court has the power to dismiss a complaint that fails to comply with Rule 8 of the Federal Rules of Civil Procedure. *See Ala' Ad-Din Bey v. United States DOJ*, 457 F. App'x 90, 91 (3d Cir. Jan. 11, 2012) (per curiam) (affirming district court's dismissal). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is

4

entitled to relief." Fed. R. Civ. P. 8(a)(2). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re: Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted). Dismissal pursuant to Rule 8 has been found warranted where a complaint is rambling, unclear, and/or unwieldy. *See Trillo v. Kent*, 477 F. App'x 881, 882 (3d Cir. Sept. 6, 2012) (per curiam). Dismissal under Rule 8 has also been held proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. July 21, 2011) (per curiam).

**B.      Rule 12(b)(2)**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court may dismiss a suit for lack of jurisdiction over the person. Although Rule 8 does not require a plaintiff to set forth in the complaint "the grounds upon which the court has personal jurisdiction over the defendant," *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995), "once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). If the district court does not hold an evidentiary hearing, the court should resolve any factual disputes in the plaintiff's favor and should deny

5

the motion if the plaintiff's evidence establishes "a prima facie case of personal jurisdiction." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010).

Two requirements, one statutory and one constitutional, must be satisfied for personal jurisdiction to exist over a defendant. *Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 403 (D. Del. 2002). "First, a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Id.* (citing Fed. R. Civ. P. 4(e)). The Court must, therefore, determine whether there is a statutory basis for jurisdiction under the Delaware long-arm statute. *Id.* (citing 10 Del. C. § 3104(c)). "Second, because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the Court must determine if an exercise of jurisdiction violates [Defendant's] constitutional right to due process." *Id.* (citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

"Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction." *Id.* (citing *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). Plaintiff may establish jurisdictional facts through sworn

affidavits or other competent evidence. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).

Plaintiff must demonstrate either specific or general jurisdiction. Specific jurisdiction arises when the particular cause of action arose from Defendant's activities within the forum state. In contrast, general jurisdiction does not require Defendant's connections be related to the particular cause of action, but that Defendants have continuous or systematic contacts with the forum state. *American Bio Medica Corp. v. Peninsula Drug Analysis Co, Inc.*, 1999 WL 615175 (D. Del. 1999). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Id.* Plaintiff is required to respond to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction with actual proof, not mere allegations. *Id. See also Hurley v. Cancun Playa Oasis In'tl Hotels*, 1999 WL 718556, at *1 (E.D. Pa. Aug. 31, 1999) (stating that "[g]eneral averments in an unverified complaint or response without the support of sworn affidavits or other competent evidence are insufficient to establish jurisdictional facts").

## IV. DISCUSSION

The Court will adopt the reasoning of the Eastern District of Pennsylvania and grant Defendants' motions to dismiss. The Court agrees that the Hotel Defendants and the Eastern District of Pennsylvania that dismissal without

prejudice of the approximately 600-page complaint under Rule 8(a) is appropriate. *See Trillo*, 477 F. App'x at 882 (affirming dismissal under Rule 8(a) of "rambling and unclear" complaint); *Wolffe*, 2022 WL 16722318, at *2 (holding that "Mr. Wolffe's complaint is rife with redundant and verbose recitations of facts and rambling and unclear allegations, making it difficult to parse out which claims he is asserting against which defendants").

The Court also adopts the reasoning of the Eastern District of Pennsylvania and the Beaufort County Defendants and holds both that personal jurisdiction is lacking over these Defendants and that venue is not proper in this Court. *See Wolffe*, 2022 WL 14813700, at *3 ("Absent from Mr. Wolffe's complaint are allegations that the Beaufort County defendants have any contacts with [Delaware], or that any of the acts or omissions giving rise to this action occurred in [Delaware]."). Finally, the Court will adopt the same reasoning with regard to the Galdenzi Defendants. *See Id.*

Plaintiff's pending motions for removal of attorneys of record for fraud on the Court, and to compel an investigation for fraud on the Court, will denied as frivolous. *See Wolffe v. Galdenzi*, 2022 WL 14813702 (E.D. Pa. Oct. 25, 2022) (denying essentially identically motions as frivolous).

## V. CONCLUSION

For the above reasons, the Court will: (1) grant the Hotel Defendants' motion to strike and dismiss (D.I. 17); (2) grant the Beaufort County Defendants' motion to dismiss (D.I. 21); (3) grant the Galdenzi Defendants' motion to dismiss (D.I. 46); and (4) deny Plaintiff's pending motions (D.I. 51, 53). Plaintiff will be given leave to file an amended complaint against the Hotel Defendants.

An appropriate order will be entered.